# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
## No. 21-1859V
(not to be published)

---

JUAN GONZALEZ,

                Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                Respondent.

---

Chief Special Master Corcoran

Filed: April 17, 2024

Special Processing Unit (SPU);
Attorney's Fees and Costs; Hourly
Rates

---

*Andrew Donald Downing, Downing, Allison & Jorgenson, Phoenix, AZ,* for Petitioner.

*Alec Saxe, U.S. Department of Justice, Washington, DC,* for Respondent.

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On September 15, 2021, Juan Gonzalez filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered a shoulder injury related to vaccine administration as a result of an influenza vaccine administered on November 9, 2020. Petition at 1, 3. On December 28, 2023, a decision was issued awarding compensation to Petitioner based on the parties' stipulation.  ECF No. 47.

Petitioner has now filed a motion for attorney's fees and costs, dated January 8, 2024, (ECF No. 50), requesting an award of $21,925.78 (representing $21,299.50 in fees

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. §300aa (2018).

and $626.28 in costs). In accordance with General Order No. 9, counsel for Petitioner represents that he incurred no out-of-pocket expenses. *Id.* at 6. Respondent reacted to the motion on January 22, 2024, noting that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. ECF No. 51. Petitioner did not file a reply.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reason listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs to successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

2

Petitioner requests compensation for his attorneys as follows: for Andrew D. Downing, $385 per hour for time billed in 2021, and the rate of $445 for 2022-23; for attorney Courtney Jorgenson, $275 per hour for 2021, and $345 per hour for 2022-23; and for attorney Ann Allison, $415 per hour for time billed from 2022-23. ECF No. 50 – 1 at 11 and 21. The rates for 2021 have been previously awarded for the work of attorneys Downing and Jorgenson, and I find no reason to deviate from them.

However, Mr. Downing and Ms. Jorgenson's rates for worked performed in the July – December 2022 timeframe are inconsistent with rates that have been previously awarded for their work. *See Einweck v. Sec'y of Health & Hum. Servs.*, No. 20-559V, 2022 WL 3011016 (Fed. Cl. Spec. Mstr. June 24, 2022); *Thoma v. Sec'y of Health & Hum. Servs.*, No. 19-1848V, 2022 WL 3573421 (Fed. Cl. Spec. Mstr. July 14, 2022) (awarding rate of $415.00 and $325 respectively, for time billed in 2022). The rates requested for 2022 appear to reflect a mid-year rate increase of $30.00 for Mr. Downing and $20.00 for Ms. Jorgenson. The size of the proposed increases are not *per se* objectionable, but it is not the practice of the OSM to afford mid-year rate increases to attorneys under any circumstances.

I shall therefore reduce the requested 2022 rates for Mr. Downing and Ms. Jorgenson to those which were previously awarded. This reduces the amount of attorney's fees to be awarded by **$64.00**.[3]

## ATTORNEY COSTS

Petitioner requests $626.28 in overall costs. ECF No. 50 at 6. This amount is comprised of obtaining medical records, shipping, and the Court's filing fee. I have reviewed all of the requested costs and find them to be reasonable and shall therefore award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT IN PART Petitioner's Motion for attorney's fees and costs. I award a total of **$21,861.78** (representing $21,235.50 in fees and $626.28 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Andrew D. Downing, Esq. In the absence of a timely-filed motion for review (see Appendix B to the

---

[3] This amount consists of ($445 - $415 = $30 x 1.80 hrs = $54.00) + ($345 - $325 = $20 x 0.50hrs = $10.00) = $64.00.

Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[4]

**IT IS SO ORDERED.**

**<u>s/Brian H. Corcoran</u>**
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.